IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 2 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

JOSE N. GARCIA,

    Movant

VS.

UNITED STATES OF AMERICA

    Respondent

§
§
§
§
§
§

NO. 4:09-CV-529-A
(NO. 4:07-CR-176-A)

MEMORANDUM OPINION
and
ORDER

    Came on to be considered the motion of movant, Jose N.
Garcia ("Garcia"), pursuant to 28 U.S.C. § 2255 to vacate, set
aside, or correct sentence.  Having reviewed the motion, the
government's response, the record, and the applicable legal
authorities, the court concludes that the motion should be
denied.

I.

Background

    Following trial held January 15, 2008, a jury found Garcia
guilty of one count of conspiracy to distribute and possess with
intent to distribute heroin in violation of 21 U.S.C. §§ 846 and
841(a)(1), (b)(1)(B), one count of distribution of and possession
with intent to distribute heroin in violation of 21 U.S.C. §
841(a)(1) and (b)(1)(B), and one count of possession of a firearm
in furtherance of a drug trafficking crime in violation of 18
U.S.C. § 924(c).  On May 2, 2008, the court sentenced Garcia to a

term of imprisonment of 121 months each as to counts one and two, to run concurrently with each other, and to a term of imprisonment of 120 months as to count three, to run consecutively to counts one and two, for an aggregate term of imprisonment of 241 months, followed by a term of supervised release of four years each as to counts one, two, and three, each term to run concurrently with the others.  The Fifth Circuit affirmed Garcia's conviction.  See United States v. Garcia, 312 F. App'x 620 (5th Cir. Feb. 26, 2009).

II.

Grounds of the Motion and Government's Response

In his motion Garcia contends that the court erred in sentencing him to ten years' incarceration under 18 U.S.C. § 924(c) because he had already been sentenced to a minimum of ten years plus one month of incarceration under 21 U.S.C. § 841(a)(1).  The government argues that Garcia is barred from raising this claim in a motion pursuant to § 2255 because he failed to raise it on direct appeal.

III.

Analysis

"A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991)

2

(internal citations omitted); see also United States v. Frady, 456 U.S. 152, 168 (1982).

The cause-and-prejudice standard requires a movant to show both that an objective factor external to the defense prevented him from raising the issue on appeal and that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original); see Coleman v. Thompson, 501 U.S. 722, 753 (1991). A failure to show either prong forecloses collateral relief. Frady, 465 U.S. at 168.

In his appeal to the Fifth Circuit Garcia raised only the following two issues:

I.  Did the District Court err by refusing to allow
    Garcia the opportunity to present his
    justification/necessity defense to the jury?

II. Did the district court err when there was
    insufficient evidence to support possession of a
    firearm in furtherance of drug trafficking crime
    in violation of 18 U.S.C. § 924(c)?

Appellant's Br. at 2. Here, Garcia does not allege or attempt to show either cause or prejudice for his failure to raise his claim on appeal, nor does he provide any objective factors external to the defense to explain that failure. Garcia has provided no explanation for his procedural default. Accordingly, Garcia's current claim may not be raised for the first time in his motion. See Shaid, 937 F.2d at 232.

3

IV.

ORDER

Therefore,

For the reasons discussed herein,

The court ORDERS that the motion of Garcia to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as Garcia has not made a substantial showing of the denial of a constitutional right.

SIGNED February 22, 2010.

_____
JOHN McBRYDE
United States District Judge

4